Affirmed and Memorandum Opinion filed April 15, 2004









Affirmed and Memorandum Opinion filed April 15, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00610-CR

____________

 

GARY WAYNE RAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 927,690

 



 

M E M O R A N D U M   O P I N I O N

Appellant Gary Wayne Ray appeals from the
trial court=s denial of his motion to suppress
evidence obtained from a traffic stop on October 17, 2002.  Following the denial of his motion, appellant
entered a plea of guilty to the charged felony offense of possession of a
firearm by a felon.  Pursuant to a plea
bargain agreement, he was sentenced to a term of ten years= confinement.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.4.  We affirm.








In his sole issue presented for review,
appellant argues that the trial court erred in denying his motion to suppress
because the search of his vehicle violated federal and state constitutional law,
as well as several provisions of the Texas Code of Criminal Procedure.[1]  We review the trial court=s ruling on
appellant=s motion for abuse of discretion. Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  We give almost total deference to the trial
court=s determination of
historical facts and review de novo its application of search and
seizure law.  Id.  If the trial court did not make explicit
findings of fact, we view the evidence in the light most favorable to the
ruling.  Id.  The judgment of the trial court will be
sustained if it is correct on any theory of law applicable to the case. State
v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).








Generally, a law enforcement officer may
arrest a suspect if he observes the commission of a traffic offense. See
Nelson v. State, 848 S.W.2d 126, 133 (Tex. Crim. App. 1992), cert.
denied, 510 U.S. 830 (1993).[2]  Officer Benjamin Gill of the Houston Police
Department testified by affidavit that he observed a sequence of events in
which the vehicle driven by appellant traveled on the wrong side of Mascot
Street, stopped in front of a particular location under surveillance for known
drug activity, and then traveled in reverse on the wrong side for almost an
entire block.  Such conduct constitutes a
violation of Section 545.051(a) of the Texas Transportation Code.[3]  Therefore, the officer had probable cause to
arrest appellant.[4]

The United States Supreme Court has held
that when an officer has made a lawful custodial arrest of the occupant of an
automobile, he may search the passenger compartment of that automobile as a
contemporaneous incident of the arrest.  New
York v. Belton, 453 U.S. 454, 460 (1981). 
In Belton, the state policeman initiated a traffic stop and
directed the occupants to exit the automobile. 
Id. at 456.  He then
proceeded to Apat down@ each of them and Asplit them up into
four separate areas of the Thruway at this time so they would not be in
physical touching area of each other.@  Id. 
After having administered the Miranda warnings to the suspects
and searched each of them, the policeman then searched the passenger
compartment of the car and discovered a jacket on the back seat containing cocaine
inside one of the pockets.  Id.








In the present case, Officer Gill=s affidavit stated
that the officers in the marked patrol car, who were acting on his
instructions, initiated the traffic stop of appellant=s vehicle.  They directed appellant to exit the vehicle,
completed a pat down search, and placed him in the back of the patrol car while
they checked the validity of his driver=s license and
searched for any outstanding warrants. 
While appellant was seated in the patrol car with Officer Newman,
Officer Lummus searched appellant=s vehicle for
contraband.  Appellant voluntarily told Officer
Newman that there was a pistol located inside his vehicle.[5]  Officer Newman in turn told Officer Lummus
about appellant=s admission, but Lummus still could not
find the pistol.  Appellant then
voluntarily explained that Athe seat had to be
laid forward and that they needed to pull back a piece of fabric to find the
weapon.@  According to Officer Gill=s affidavit,
appellant=s explanation led to the discovery of the
firearm in that location.

Appellant=s affidavit and
that of witness Andre Thomas contradict Officer Gill=s evidence.  Appellant stated that at no time did he ever
tell either of the officers that there was a gun in his truck.  He also claims that the officer who searched
his truck came back to the patrol car and told the other officer that a pistol
had been found in the truck.  Thomas
stated that he saw one officer place appellant in the patrol car while the
other officer started searching appellant=s truck.  Thomas did not see the officer find anything
inside the vehicle and did not know why the police initially pulled appellant=s vehicle over
because he saw appellant=s truck driving on the right side of the
road.  Appellant=s evidence, however,
does not require reversal.  The trial
court, as trier of fact, resolves any conflict in the testimony. See Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).

Because the search that yielded the
discovery of the firearm was conducted within the passenger compartment of
appellant=s vehicle as a contemporaneous incident to
his lawful arrest, we conclude under Belton that the trial court did not
err in denying appellant=s motion to suppress.  Accordingly, we overrule appellant=s sole issue
presented for review.

The judgment is affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 15, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  While
appellant cites the Fourth and Fourteenth Amendments to the United States
Constitution and Article I, Section 9 of the Texas Constitution, he fails to provide any argument or authority
regarding how the protections under the Texas Constitution differ from those
under the United States Constitution.  Because his state constitutional claims are
not properly presented for review, we do not consider them in this appeal. See
Ex parte Fierro, 79 S.W.3d 54, 61 n.4 (Tex. Crim. App. 2002).





[2]  See also Tex. Code
Crim. Proc. Ann. art.
14.01(b) (Vernon 1977) (AA peace officer may arrest an
offender without a warrant for any offense committed in his presence or within
his view.@); Tex. Transp. Code Ann. ' 543.001 (Vernon 1999) (AAny peace officer may arrest without warrant a person found
committing a violation of this subtitle.@). But see Tex. Transp. Code Ann. ' 543.004 (Vernon Supp. 2003) (providing for the only exception to the general
rule: officer shall issue written notice rather than arrest for speeding
offense or violation of open container law).





[3]  That section
provides: AAn operator on a roadway of sufficient width shall
drive on the right half of the roadway, unless: (1) the operator is passing
another vehicle; (2) an obstruction necessitates  moving the vehicle left of the center of the
roadway and the operator yields the right-of-way to a vehicle that: (A) is
moving in the proper direction on the unobstructed portion of the roadway; and
(B) is an immediate hazard; (3) the operator is on a roadway divided into three
marked lanes for traffic; or (4) the operator is on a roadway restricted to
one-way traffic.@ (Vernon 1999).





[4]  We read this
conclusion by assuming the truth of appellant=s claim
that he was placed under arrest prior to the search of his vehicle as well as
by drawing this inference from the evidence presented in favor of the ruling.





[5]  Because
appellant does not challenge whether his statements were obtained in violation
of Miranda v. Arizona, 384 U.S. 436 (1966), we do not address this issue
on appeal.